Good morning, ladies and gentlemen. The first case this morning is Jackson v. Bartow. Ms. Morshad. Good morning. May it please the Court. The Supreme Court in Feretta v. California clearly established a right to self-representation that was based on the inestimable value of free choice and the dignity of the individual. The treatment that Mr. Jackson's invocation of that right received in the Wisconsin courts cannot be squared reasonably with that decision or with the decisions that followed from the Supreme Court. The respondent's argument that it can rests on two faulty premises. First, that the decision in Godinez v. Moran left the states free to adopt more stringent competence standards than those of the Supreme Court and to use those standards to deny defendants the right to represent themselves. That is, that that decision left that door wide open to states. And second, that Indiana v. Edwards created a gray area that is so vast regarding competence that the Wisconsin courts could reasonably think that someone like Mr. Jackson, a person of average intelligence with a 12th grade education who was literate, might fall within that gray area. This court has expressly and repeatedly rejected those arguments. That's obviously the strongest point of your argument. I think it would be helpful if you could address the waiver-related issues. And in particular, could you tell us whether Petitioner Jackson has at any point challenged the validity of his guilty plea? He did challenge the validity of his guilty plea in the direct appeal. And that was rejected? Yes. Was that challenge linked at all to the denial of his right to represent himself? Yes. It was based on his denial of the right to self-representation. Go ahead. Does his failure to challenge the guilty plea as not being voluntary or not being knowing, does that affect our analysis here? In other words, it seems like what he's done is he's brought a pure Sixth Amendment FREDA claim, but he's not argued that it rendered his plea involuntary. Is that a consequence in your view? I do not believe so because the reason that this is brought to this court as a pure FREDA claim is because that is the decision that was unreasonably applied by the Wisconsin courts, the FREDA decision. There isn't a freestanding argument for plea withdrawal. I don't think that matters because looking at this court's decision in United States v. Smith, the decision in which this court held that the right to counsel of choice was not waived by a plea, there was no freestanding motion for plea withdrawal or appeal based on the voluntariness of the plea. Yet this court found that those things are linked. But they're separate claims, right? A challenge to your plea is an altogether different claim than a Sixth Amendment FREDA challenge? I think that they can be raised separately. I don't know that I would agree that they're altogether different. Let me ask you this. Suppose a defendant during jury selection believes a Batson error has occurred and is persuaded beyond any doubt that such an error occurred, but then decides to plead guilty, saying, well, my fate is sealed with this particular jury, and then on appeal only raises a Batson challenge but does not challenge the plea. Would you say waiver there? No. Really? Really. Because when the defendant challenges or raises the Batson challenge, just as the self-representation challenge in this case, a decision that his constitutional rights under Batson were violated and that there was structural error would necessitate allowing him to withdraw his plea in order to vindicate that right or address that violation. So like I said, in Smith there wasn't a freestanding plea withdrawal claim. I don't think that that is fatal here. In Smith, this court, it's my recollection, directed the district court to allow Smith to withdraw his plea as a consequence of the violation of his right to counsel of choice. So I think that that is a necessary consequence if this court finds that there was, in fact, a violation of the Feretta right and that it has not been waived. So the only thing different about this case, of course, is the fact that Mr. Jackson, once his right to self-representation was denied, once that was denied to him, he gave up essentially and pled guilty. And the respondent says that that is a waiver. And I would argue that that can't be squared with the United States Supreme Court decision in Gonzalez-Lopez and this court's decision in United States v. Smith. And would you agree, counsel, that in essence what we've got now is a circuit split in the wake of Gonzalez-Lopez on this precise question? In a particular, well, go ahead. I think that, first of all, the notion that's sort of laid out in the Sixth Circuit decision in the Worth case, that there's this sort of long list of cases dealing with this issue and that there's a circuit split is somewhat overstated because I think, as I pointed out in my brief in that case, that many of the cases on that list were cases that aren't really squarely addressing this issue. It only takes one. How about Musawi in the Fourth Circuit and Hernandez in the Ninth? Exactly. I think those are the two cases. Okay. So that's a circuit split. I would agree. Or do you think you can distinguish Musawi here? Well, I think that Musawi is an unusual case in that what was being argued there was not strictly a violation of his right to represent himself. Musawi there was arguing that his right to effectively represent himself was somehow denied by the court's rulings that he said presented him from choosing a Muslim standby counsel, which sets that case factually apart from this case. What I would say about the decisions in Musawi and Hernandez is that in Musawi, and those are the only two cases where the court wasn't applying ad pedeference to the question and was considering the structural error problem. In Musawi, the court simply shrugged off the structural error question, and in doing so relied on the structural error. The structural errors can be waived, right? Structural errors can be waived. You can waive a right to counsel. Pardon? You can waive a right to counsel. You can waive a Batson challenge. Well, the waiver of a right to counsel would require a known relinquishment or a knowing and intelligent relinquishment of a known right, so it would require an express waiver. But the label of structural error doesn't necessarily mean it's unwaivable. Agreed? It doesn't put it completely beyond the possibility of waiver. Even a double jeopardy violation can be waived, potentially. The question is whether a person waives it by pleading guilty and nothing more. And in this case, the Musawi court, in deciding that the structural error didn't bear on that question, relied only on its own previous decision in the Bundy case, which was the case that didn't involve structural error at all. And I would assert that the reasoning in Hernandez, I wouldn't ordinarily necessarily put a Ninth Circuit case front and center and put all my eggs in that particular basket. But I think in this case, the reasoning in that case tracks with this court's reasoning in the Smith case, where this court said in Smith that once the right to counsel of choice was denied, that called into question the whole nature of the guilty plea. That is, that because that right was denied and it was structural, the defendant couldn't be required to have this structurally flawed trial in order to vindicate that right. And I think that only makes sense because the structural nature of the error means it isn't subject to harmless error, which means there is no possibility that if there's a violation of this right, there is no possibility of a fair trial curing this violation. There is no possibility that a trial could happen and then on appeal the results of that trial, however fair it might otherwise look, could cure that violation. That trial would have to be redone if there was a violation that was structural error. So I think it only makes sense, the approach in Hernandez as opposed to Musawi, that the defendant not be required to go through that sort of structurally flawed trial to vindicate the right. Ms. Remington. May it please the court. I am Jennifer Remington and I represent the respondent. This court should deny Jackson's habeas petition because he waived his ability to challenge his self-representation claim when he pled guilty. There's a kind of striking irony here because the state is asking us to apply a waiver rule against Jackson in the face of a pretty clear Feretta violation, a very clear Feretta violation in my view, while the issue of waiver has, I believe, first been raised by the state in this appeal. Is that right? Your Honor, yes. The first time that the guilty plea waiver rule was raised was in the district court. By the court? No, Your Honor. It was raised by the parties in briefing, specifically the respondent. It was raised by the respondent in the brief before the district court. Okay. And that is not uncommon for this court, for this court's practice in accepting a waiver case. So in both Gomez and in Smith, the guilty plea waiver rule was not raised by the parties below, and it was something that the court looked at either for the first time in the district court or for the first time in this court, and the state outlined the process by which the guilty plea waiver rule came up specifically in the Gomez case in its brief. So it would not be uncommon for this court to apply a waiver even though it was not something that was specifically raised in the answer. And I think based on the reply brief from Jackson, they have largely abandoned the issue that the respondent was required to preserve that argument in the answer specifically. And I would, again, just state that this court's precedent does not appear to require that practice. Do you agree that the waiver issue is basically here just a question of federal law not governed by the Anti-Terrorism and Effective Death Penalty Act? That's correct, Your Honor, and I'd like to point out why, because I think it raises an important issue that the state courts will face moving forward if this court chose to extend Smith's reasoning. So the guilty plea waiver rule was not argued or applied in the state courts because Jackson was raising a plea withdrawal claim. When a defendant raises a plea withdrawal claim, the state cannot assert that the guilty plea waiver rule applies because what Jackson is challenging is the voluntary nature of the plea itself. So what that effectively did was prevent the state courts from asserting guilty plea waiver rule in the state courts, and now that they have repackaged that solely as a merits claim before this court, what that does is either deprive the state from arguing an independent and adequate state law ground, which would be guilty plea waiver rule, or as what happened in the Sixth Circuit case, it prevents the state from asserting that AEDPA deference governs and we are entitled to a different standard of review. And so I think if this court's decision in Smith is extended in this case, what it does is encourage defendants to repackage their claims in different ways before the state courts and this court so that this court either— That's a pretty dangerous strategy for any habeas petitioner, wouldn't you say? Not necessarily, Your Honor. I mean, it might pay off for Mr. Jackson in this case, depending on— Once in a while it might work. I wouldn't agree with that, Your Honor. I wouldn't say that it's not once in a while. I think that defendants are pretty savvy in ways to try to avoid or overcome procedural bars, especially by the time that they get to the federal courts, and I just think that this court would only encourage those types of actions on the part of defendants if it were to extend Smith in this case. And I do think that that's unfair to the state and the state courts, which didn't have an opportunity to address the guilty plea waiver rule in the first instance because of the way that Jackson litigated his claim. The only claim he brought in front of the state post-conviction— in the state post-conviction relief proceeding, correct, was a challenge to his guilty plea? So, yes and no. He basically raised two claims, both of which were related to Ferretta. So what he said was, I am entitled to plea withdrawal because the court violated my right to self-representation, and then he raised a separate constitutional claim stating that Wisconsin's Clessig practice was in violation of Indiana v. Edwards. So I would say that he raised two claims below. But the first one was very much focused in plea withdrawal, as it should be, because what Jackson should be challenging after he enters a plea is the knowing, intelligent, and voluntary nature of that plea. And although he did that in the state courts, he did not do that in the federal courts. And the respondent pointed that out in its response brief, and Jackson had the opportunity in the reply brief to come back and say, no, my plea was not knowing, intelligent, and voluntary. And he did not do that, and I think that that's instructive. I also think that the guilty plea—as this court has already said, the guilty plea waiver rule applies to self-representation cases. That's what this court held in Gomez and Siebold. So how do we distinguish the right to counsel of choice, as in Smith, which is not waived by a guilty plea, from the right to be your own counsel? So I think that Smith is distinguishable for three different reasons. Well, it's distinguishable for two reasons, but first I would just point out that the Supreme Court has never said that a structural error cannot be waived by a guilty plea. To the contrary, in Tollett, there was a structural error, that being the exclusion of African Americans from the grand jury. And despite the fact that there was a structural error, the United States Supreme Court still applied the guilty plea waiver rule. So the reasons that I think Smith are distinguishable is that the voluntariness of Smith's plea was in question in Smith. So this court directed the parties in Smith to address the voluntary nature of Smith's plea, probably because it foresaw two problems in that plea. One being, the first being that the plea colloquy itself contained the defect of the district court not asking Smith whether he was pleading voluntarily or of his own free will. And the second error being that the district court did not ask Smith whether anyone made promises to him. So those two defects in the colloquy brought into question the knowing, intelligent, and voluntary nature of Smith's plea, so voluntariness was directly at issue in Smith. And it is not directly at issue here, because Jackson has not raised a voluntariness claim before the federal courts. Was Smith saying that the question, the omitted question about promises made any difference to him? Yes. So what the court said was that there was a Rule 11 defect in the colloquy. We see Rule 11 defects fairly often, but also Grant Anders' motions to dismiss in such appeals, unless it looks as if the omission made a difference. I think that the court in Smith said that those made a difference, that those defects made a difference. And I would note again, in the very first paragraph of the Smith decision, it makes very clear that this court ordered the parties to address the voluntariness of Smith's plea. So the second reason that Smith is distinguishable is that it is a counsel of choice case. And so in a counsel of choice case, the defendant wants certain counsel's help. But in a self-representation case, the defendant wants to direct his own case. And when the defendant pleads, he is directing his own case, because he is the only one who can make the decision about whether or not to plead, and he's the only one who can admit to the facts, accept responsibility, and waive the inherent constitutional rights. You agree that's also a true denial of right to counsel, the choice of counsel, right? I would agree that... Because the defendant is always the only person who can do those things. Yes, but I think that because what the defendant wants in a self-representation case is to feel like he is directing his case, that is accomplished when a defendant pleads guilty. That person is making the choice to plead guilty, to not go to trial, and I think that the defendant's... I think that Mr. Jackson's decision here not to plead guilty is well... Or to plead guilty is well supported by the record for other reasons other than the denial of his self-representation claim. So at the sentencing hearing, what you see from his attorney and his sister are indications about what led him to finally decide to plead in this case. So what his attorney said is that Jackson decided to plead because he didn't want to put his family through a trial, and he also wanted the kids to be reconnected with their mother because they had been in the foster care system throughout the course of the trial. What Jackson's sister says during sentencing is that when the family heard the court at the hearing before say that what Jackson faced was 130 years, the family told Jackson, plead guilty. And what the sister says is that Jackson went back to his cell, he must have thought about it, because the next time he came back to trial, he said he couldn't face 130 years. And so I think that there is sufficient information in this record to support that there were other considerations that led Jackson to plead, and absent Jackson specifically saying that his plea was not voluntary in this case because he was denied his right to self-representation, I think it would be speculation at best for us to say that his plea must have been involuntary for that reason without him even alleging that and without him connecting the dots before this court. Once again, I would just ask that Your Honors deny Jackson's habeas petition. Thank you. Thank you. Thanks to both counsel, and the case is taken under review.